28 C.C.P.A. (Patents)

**THOMAS PUB. CO. v. HARVEY & HOWE, Inc.**

Patent Appeal No. 4440.

Court of Customs and Patent Appeals.

May 5, 1941.

Lester L. Sargent, of Washington, D. C., for appellant.

Erwin W. Roemer, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents affirming a decision of the Examiner of Interferences dismissing appellant's notice of opposition to the registration of appellee's composite trade-mark comprising the symbol "H & H" in the form of a monogram running completely through a disk-shaped solid background and the notation "What's New in Home Economics" in slanted block letters extending through the lower portion of the disk, for use upon a periodical called "What's New in Home Economics". The decision of the commissioner also affirmed that of the examiner adjudging appellee to be entitled to the registration for which application was made.

Appellee stated in its application, filed May 14, 1937, that it had used its mark on its goods since September 15, 1936.

It appears that appellant is the owner of registration No. 332,611, issued February 18, 1936, on an application filed August 5, 1935, of the trade-mark comprising "Industrial Equipment News" in block letters and "What's New" in relatively very small italicized letters directly beneath the other words. The mark was used on a periodical published by appellant.

Appellant is the owner of two other registrations as applied to periodicals containing the words "What's New". One of the registrations, No. 353,515, dated January 11, 1938, upon an application filed June 28, 1937, is similar in form to that

of registration No. 332,611, except the words in block letters of the latter registration consist of the notation "Building Products". The other registration, No. 369,707, dated August 1, 1939, upon an application filed March 9, 1939, consists of the words "What's New" in large italics.

The sole issue in the case is whether the marks of the respective parties, by reason of containing the words "What's New", are confusingly similar within the scope of section 5 of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S. C.A. § 85.

The appellant relied upon its registered marks Nos. 332,611 and 353,515. Both parties took testimony. The evidence of appellant disclosed that its periodical "Building Products—What's New", to which was applied the registered mark No. 353,515, was first published in April 1937, and the statement in that trade-mark registration alleged first use of the mark to have been May 4, 1937. Since those dates are later than the date of appellee's use of its mark, registration No. 353,515 was not considered by the tribunals of the Patent Office.

Appellant filed a petition for reconsideration and rehearing by the commissioner, in which petition a copy of its registration No. 369,707, heretofore mentioned, was made a part. One of the reasons for reconsideration advanced was that in applying for registration of the mark "Building Products—What's New", appellant had merely extended the use of the words "What's New" appearing in the earlier trade-mark "Industrial Equipment News—What's New", and that appellant had the right to so extend that portion of the mark to a second magazine and further that appellant had in fact made such an extension when it applied the expression "What's New", registration No. 369,707, to a third magazine. The commissioner denied the petition without opinion.

Among the reasons of appeal here, the decision of the commissioner, denying the petition as based on the aforementioned ground, is assigned as error. With this reason of appeal we cannot agree. To hold with appellant would be in effect to lay down a principle that any insignificant words constituting part of a mark, regardless of prior trade-mark use as such, would be sufficient to warrant successful opposition to the registrability of another trade-mark utterly different, in every respect, save that it contains such words. Of course, as is stated in appellant's brief, it is well established that one may extend his trade-mark to other goods of the same class. However, that was not done by appellant. A mere inspection of the earliest mark of appellant shows that it was not "What's New".

The evidence shows that the periodical of appellant under consideration bears as its title the registered trade-mark "Industrial Equipment News—What's New". It is a magazine in which appear news items and advertisements peculiar to industrial equipment, parts and materials. It is distributed to key individuals in the field of industry, officials, department heads, superintendents and others in a managerial or executive capacity in manufacturing concerns.

The periodical of appellee to which is applied its mark is a magazine bearing the title "What's New in Home Economics". The title is not in the form of the mark sought to be registered. In that form the mark seems to be quite small and it appears only on the editorial page of the publication. On that page there is also the subtitle "A National Magazine For Home Economists". The magazine of appellee relates to home economics, and contains educational articles and advertisements relating thereo. It contains recipes for cooking, advertisements for such works as "Adventures in Good Eating", "Art in Home and Clothing", a cook book, and generally, as one of appellee's witnesses stated, it "covers primarily food, food equipment, products, some textile and hygiene products." Its distribution appears to be entirely in the field of home economics, to schools teaching domestic science or home economics, to editors, home service directors of utility companies, home demonstration agents, etc.

In commenting upon the goods of the parties, the Examiner of Interferences stated in his decision as follows:

"The publications sold by the parties possess a specifically different trade interest, and as above indicated are distributed or sold in the main to persons engaged in different professions or fields of business. The dissimilar notations 'Home Economics' and 'Industrial Equipment' contained in the respective marks are indicative of the nature of the contents of the publications and it is believed that the significance of these notations would large-

ly govern the selection of a person interested in obtaining a publication relating to either class of matter. In this connection purchasers of publications such as those of the parties are more discriminating than those buying goods of the kinds sold, for example, in grocery stores and the like.

\*　\*　\*　\*　\*

"It seems to the examiner that the differences in the marks considerably predominate over the resemblances and are such that the marks may be used concurrently without reasonable likeihood of confusion, especially if the specific differences in the goods of the parties are also considered."

In affirming the decision of the examiner, the commissioner, after setting out the above-quoted discussion, said in his decision: "Considering the marks as entireties, I am constrained to agree with the examiner's conclusion. The titles of the two publications so clearly identify their subject matter that I am unable to believe the common descriptive phrase 'What's New' occurring as it does at the beginning of applicant's mark and at the end of opposer's, is of sufficient significance to render the marks confusingly similar."

Appellant contends that the goods of the parties possess the same descriptive properties in that both are trade or business magazines and that the tribunals below erred in failing to so find. Unquestionably the publication of appellant is a trade or business magazine. It may well be doubted that the magazine of appellee is strictly of that character. However, assuming, without holding, that the publications here are of the same general class, and in that respect might be held to possess the same descriptive properties, it is clear that they are not of interest to the same class of readers; that their distribution is in widely separated fields of endeavor and they are not competitive in any respect.

█ It has been urged by appellant that confusion should be considered likely, for the alleged reason that business men might mistake the origin of one publication for the other in placing advertisements for the sale of their wares. In our opinion advertising is placed in any publication only after careful considerations. One who advertises his wares does so only when he has satisfied his judgment that his advertising reaches the class of purchasers most likely to be interested in procuring the thing advertised. Advertising of new advances in the industrial arts would not ordinarily be placed in a magazine intended solely to attract those whose principal interest is in the home-making science. Therefore even though it might be held that the goods of the respective parties belong to the same broad class in that they are both magazines, they are not, for the reasons set forth, identical and when the existing differences are considered in connection with the clear difference in the marks we can find no reason to disagree with the decision of the Commissioner of Patents. See Gotham Silk Hosiery Co., Inc. v. Narrow Fabric Co., 102 F.2d 407, 26 C.C.P.A., Patents, 980. In our opinion no likelihood of confusion will result from the concurrent use of the respective trade-marks of the parties.

Both the Examiner of Interferences and the Commissioner of Patents held that the second registration, No. 353,515, should not be considered for the reason that the trade-mark there was not in use prior to the date of use by appellee of its trade-mark. Under the assumption that registration No. 353,515 should have been considered by the Patent Office tribunals we have considered the same, and we find that so far as the issues in this case are concerned the mark there registered is no different in character than that registered under No. 332,611.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

LENROOT, J., did not participate in the consideration or decision of this case.